1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

James Thurmond Montgomery,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-12-0758-PHX-ROS (JFM)

**Report & Recommendation**
**On Petition For Writ Of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 10, 2012 (Doc. 1).  On November 28, 2012 Respondents filed their Response (Doc. 25).  Following the conclusion of an unsuccessful interlocutory appeal, Petitioner was given through August 9, 2013 to reply (Order 7/19/13, Doc. 39), but did not.  Respondents filed a Supplement to the Record on September 4, 2013 (Doc. 44).

The Petitioner's Petition is now ripe for consideration.   Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

Petitioner was charged with one count of attempted sexual conduct with a minor over the age of 15, a domestic violence offense, for acts occurring in 2008. Petitioner proceeded to trial, and was convicted as charged. Petitioner was sentenced to 17 years

imprisonment. (Exhibit A, Mem. Dec. 3/30/10 at 2-5.) (Exhibits to the Answer, Doc. 25, are referenced herein as "Exhibit ___."  Respondents Supplemental Exhibits, Doc. 44, are referenced herein as "Exhibit SA-___.")

**B. PROCEEDINGS ON DIRECT APPEAL**

Petitioner filed a direct appeal, and counsel was appointed, but was unable to find an arguable ground for reversal. (Exhibit SA-A, Opening Brief.)  Petitioner filed a Supplemental Brief (Exhibit SA-C) arguing that the trial court disclosed inflammatory information about the crime during *voir dire*, altered the grand jury indictment, and engaged in an argumentative exchange with petitioner within earshot of the jury.

Petitioner sought to file an addendum (Exhibit SA-D) to his Supplemental Opening Brief, but the motion was denied (Exhibit SA-E, Order 4/13/10).  No answering brief was filed.  (Supplement, Doc. 44 at 1.)

Searching the record for fundamental error, the appellate court considered *sua sponte* whether the trial court improperly denied a motion to strike a juror for cause, and failed to conduct a voluntariness hearing on Petitioner's statements. The Arizona Court of Appeals rejected each of the claims, including those raised *sua sponte*, and affirmed Petitioners conviction and sentence. (Exhibit A, Mem. Dec. 3/30/10.)

**C.  PROCEEDINGS ON POST-CONVICTION RELIEF**

On November 23, 2009, during the pendency of his direct appeal, Petitioner filed a Petition for Post-Conviction Relief arguing that during jury selection, the trial court misinformed the jury pool about the age of the victim in violation of state law and Petitioner's "Due Process" rights; counsel was ineffective for failing to adequately investigate and to maintain communication with Petitioner, and counsel was ineffective for failing to challenge the issues raised concerning the victim's age. (Petition, Doc. 1 at physical page 25, PCR Pet..)   Petitioner does not treat this as a separate PCR proceeding, but instead lists his counsel-filed petition as his first post-conviction relief

petition.  (*Id.* at 2, 4.)  Respondents do not acknowledge this filing, and no information has been provided by either side as to the disposition of this original petition.  In light of Petitioner's representations, the undersigned finds that this original PCR petition was effectively amended and replaced by the amended Petition subsequently filed by counsel.

Following the conclusion of his direct appeal, Petitioner filed a notice of post-conviction relief.  Counsel was appointed and filed the amended Petition. (Petition, Doc. 1 at physical page 34, PCR Pet.)  Petitioner argued that "his attorney was ineffective for failing to clarify *voir dire* questions to the jury; that the breakdown of his relationship with counsel violated his Sixth Amendment right and appellate counsel was ineffective for failing to raise these issues on direct appeal.".  (*Id.*; Exhibit B, M.E. 10/14/11 at 1.) The PCR court found the claims to be without merit, and summarily dismissed the petition.  (Exhibit B, M.E. 10/14/11.)

Petitioner was granted through November 14, 2012 to file his petition for review by the Arizona Court of Appeals.  (Exhibit C, M.E. 9/14/12.)  Petitioner alleges that he sought such review and was denied, but provides no details on filing dates, decision dates, etc.  (Petition, Doc. 1 at 2.)  Respondents allege that Petitioner did not seek such review.  (Response, Doc. 25 at 3.)

"The allegations…of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  28 U.S.C. § 2248.  Petitioner has not filed a reply (traverse) in support of his Petition.  Accordingly, the undersigned finds that Petitioner did not seek review of his post-conviction relief proceedings in the Arizona Court of Appeals.

Petitioner concedes that he did not present his claims to the Arizona Supreme Court.  (Petition, Doc. 1 at 5.  *See also id.* at 6, 7.)

**D.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 10, 2012 (Doc. 1).  Petitioner's Petition asserts the following three grounds for relief:

1. "In Ground One, he alleges that he received the ineffective assistance of counsel at trial in violation of his Sixth Amendment rights."  (Order 7/26/12, Doc. 11 at 1.)

2. "In Ground Two, he alleges that his Fourteenth Amendment due process rights were violated where the court and the prosecutor deliberately mislead the jury about the age of the victim and the charges." (*Id.*)

3. "In Ground Three, Petitioner alleges that he received the ineffective assistance of counsel on appeal in violation of his Sixth Amendment rights."  (*Id.* at 1-2.)

Petitioner concedes that he did not present his claims to the Arizona Supreme Court, but argues that "the courts would not except [sic] or rule on the merits and claimed I waived these claims."  He further argues he can't afford the required copies, and believes no relief would be available in the state courts, based upon "*Arizona v. Tranago*, 185 Ariz. at 213, 914 P.2d at 1305 (1996)."  (Petition, Doc. 1 at 5.  *See also id.* at 6, 7.)

**Response** - On November 28, 2012, Respondents filed their Response ("Answer") (Doc. 25).  Respondents argue that because Petitioner failed to present his claims to the Arizona Court of Appeals, his state remedies were not properly exhausted, are now procedurally defaulted, and thus are barred from federal habeas review.

**Motions and Appeal** – Prior to filing their Response (Doc. 25), Respondents filed two motions to extend the time to respond (Docs. 15, 19) which Magistrate Judge Voss granted (Docs. 16 and 22).  Petitioner objected (Doc. 23) to those orders, but the objections were overruled.  (Order 2/14/13, Doc. 27.)

In the interim, Petitioner filed a "Motion for Summary Judgment" (Doc. 26) arguing that Respondents had not timely responded.  Judge Voss denied that motion as moot, noting that the Response (Doc. 25) had since been filed within the extended deadline. (Order 2/19/13, Doc. 29.)  Petitioner was given 30 days to file a reply.  (*Id.*)

4

On February 27, 2013, Petitioner responded (Doc. 30) to the Court's order, arguing that he had not received the Response.  Respondents re-served the Response. (Notice, 2/28/13, Doc. 31.)

Petitioner then filed a Notice of Interlocutory Appeal (Doc. 32), challenging the denial of his objections to the extensions.  On July 17, 2013, the appeal was dismissed for lack of jurisdiction.  (Mandate, Doc. 38.)

**Reply** – On July 19, 2013, the undersigned filed an Order (Doc. 39) noting the dismissal of the appeal, and giving Petitioner through August 9, 2013 to file a reply in support of the Petition.  Petitioner has not filed a reply, and the time to do so has expired.

**Supplements** – In an Order filed August 28, 2013, the Court observed that the appellate briefs had not been filed as required by Rule 5(d), Rules Governing Section 2254 Cases, and directed Respondents to supplement the record.  On September 4, 2013, Respondents complied (Doc. 44), indicating a mistaken belief that the briefs had been filed with the Petition.  On September 13, 2013, Petitioner filed his Notice (Doc. 45), conceding the authenticity of the submitted supplemental exhibits.

### III. APPLICATION OF LAW TO FACTS

Respondents argue that Petitioner has failed to properly exhaust, and now procedurally defaulted, his state remedies on his claims.

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted.  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

**Proper Proceeding** - Ordinarily, "to exhaust one's state court remedies in

Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

Here, Petitioner's only foray to the Arizona Court of Appeals was on direct appeal. He did not seek review of his PCR proceeding by the appellate courts. Accordingly, his state remedies on any claims he might raise in the instant proceeding must have been presented in his direct appeal to now be properly exhausted.

**Fair Presentation** - To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented." That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

**Available Remedies** – Only "available" remedies need be exhausted. 28 U.S.C. § 2254(b)(1)(A). Petitioner concedes that he did not present his claims to the Arizona Supreme Court, but argues that "the courts would not except [sic] or rule on the merits and claimed I waived these claims." (Petition, Doc. 1 at 5. *See also id.* at 6, 7.) That a petitioner may be barred from consideration of a claim on procedural grounds does

6

render the remedy "unavailable" for habeas purposes. But that does not equate to the ability to litigate the claims in federal habeas court.

> Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

*Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006). As discussed hereinafter, Plaintiff's state remedies are unavailable because they have been procedurally defaulted.

## 2. Application to Petitioner's Claims

**Ground 1 – Ineffective Assistance of Trial Counsel** – In his Ground 1, Petitioner asserts he received the ineffective assistance of counsel at trial in violation of his Sixth Amendment rights, as a result of counsel's refusal to investigate, misrepresentation of the nature of the charges to the jury, and failure to advise Petitioner on the plea offer. (Petition, Doc. 1 at 5.) Petitioner raised no claims of ineffective assistance on direct appeal, his only foray to the Arizona Court of Appeals. Accordingly, his state remedies on this claim were not properly exhausted.

**Ground 2 – Due Process** – In his Ground 2 for relief, Petitioner asserts that his Fourteenth Amendment due process rights were violated when the court and the prosecutor deliberately misled the jury about the age of the victim, *i.e.* that the victim was "under 15 yrs of age" when she was actually 17, and mislead the jury as to "the nature of the charges." And, he argues, defense counsel failed to clarify the issue. (Petition, Doc. 1 at 6.) Respondents argue this claim was raised in Petitioner's PCR Petition, but is procedurally defaulted because it was not subsequently presented to the Arizona Court of Appeals. (Answer, Doc. 25 at 8.)

To the extent that Plaintiff intends to assert ineffective assistance of trial counsel,

that matter is addressed hereinabove in connection with Petitioner's Ground 1.

To the extent that Plaintiff intends to assert a claim of prosecutorial misconduct, the undersigned finds that no such claim was raised in Petitioner's direct appeal.

To the extent that Petitioner assert that the trial court's actions amounted to a denial of due process under the Fourteenth Amendment, the undersigned finds that Petitioner raised the facts underlying this claim on direct appeal.  He argued repeatedly in his Supplemental Opening Brief that the trial court misrepresented the age of the victim and nature of the alleged acts.  (Exhibit SA-C, Supp. Opening Brief.)  He also argued that the "constitutional guarantee of the right to a fair trial" was violated.  (*Id.* at 8.)  Finally, he argued in his conclusion that the "judicial improprieties" were "fundamental errors of constitutional significance with respect to due process, the right to a fair trial, and a breech [sic] of a plurality of standards at both state and federal levels." (*Id.* at 20.)

However, these broad references are insufficient to fairly present the due process challenges Petitioner now raises.  His reference to a "constitutional guarantee of the right to a fair trial" made no indication whether it referred to some right under the federal constitution, or perhaps the due process clause of the Arizona constitution, Article 2, § 4.  His summary reference to "due process" under "a plurality of standards at…federal levels" was too vague to fairly present a federal claim.  "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court."  *Gray v. Netherland*, 518 U.S. 152, 163 (1996).  *See also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  A summary reference in his conclusion to unspecified federal constitutional provisions is insufficient.  "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."  *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).  "Even where a petitioner argues that an error deprived him of a 'fair trial' or the 'right to present a defense,' unless the petitioner clearly alerts the court that he is alleging a specific federal constitutional violation, the petitioner has not fairly presented the

1   claim." *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004).

2   **Ground 3 – Ineffective Assistance of Appellate Counsel** – In Ground Three,

3   Petitioner alleges that he received the ineffective assistance of counsel on appeal in

4   violation of his Sixth Amendment rights. (Petition,, Doc. 1 at 7.)  Petitioner raised no

5   claims of ineffective assistance on direct appeal, his only foray to the Arizona Court of

6   Appeals.  Accordingly, his state remedies on this claim were not properly exhausted.

7   **Purported Failure to Rule and Lack of Relief** – To explain his failure to

8   exhaust his state remedies, Petitioner argues that "the courts would not except [sic] or

9   rule on the merits and claimed I waived these claims." (Petition, Doc. 1 at 5.  *See also*

10  *id.* at 6, 7.) He further argues no relief would be available in the state courts, based upon

11  "*Arizona v. Tranago*, 185 Ariz. at 213, 914 P.2d at 1305 (1996)."  (*Id.*)

12  It is true that it is only "available" and "effective remedies that must be exhausted.

13  28 U.S.C. § 2254(b)(1)(B).  So, as an alternative to presenting his claims to the state

14  courts, a petitioner can satisfy the exhaustion requirement by demonstrating that no state

15  remedies remained available at the time the federal habeas petition was filed.  *Engle v.*

16  *Isaac*, 456 U.S. 107, 125 (n. 28)(1982); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir.

17  1989).   If, however, the procedural bar is of the petitioner's own making, then he may

18  be precluded from seeking habeas relief.

19
20          If state remedies are not available because the petitioner failed to
        comply with state procedures and thereby prevented the highest
        state court from reaching the merits of his claim, then a federal court
21      may refuse to reach the merits of that claim as a matter of comity.

22  *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

23  Petitioner fails to suggest which court in which proceeding, refused to hear his

24  claims.  The Arizona Court of Appeals heard Petitioner's claims raised on direct appeal.

25  (Exhibit A, Mem. Dec. 3/30/10.)   The trial court heard Petitioner's claims in his PCR

26  proceeding, albeit finding them without merit without conducting an evidentiary hearing.

27  (Exhibit B, M.E. 10/14/11.) The only proceeding in which it appears an argument or

28  filing by Petitioner was rejected was the Arizona Court of Appeals' refusal to allow

Petitioner to file his Motion to Supplement.  That supplement did not, however, raise the claims that Petitioner now asserts.  Nor does Petitioner offer any suggestion why that refusal precluded Plaintiff from raising his current claims in his initial briefs, motions to amend, or otherwise.  And, to the extent that a remedy was not available because of Petitioner's waiver of the claims, that issue is discussed more fully hereinafter in connection with Procedural Default.

Similarly, Petitioner does not fully explain how the decision in *Tarango* made relief unavailable.  That case dealt with statutory construction of sentencing provisions for sex offenders, and an anomaly under Arizona law which rendered dangerous offenders eligible for parole sooner than non-dangerous offenders.  Petitioner has not asserted a claim challenging his sentencing.   Even if Petitioner did now assert some claim addressed in *Tarango*, the fact that *Tarango* might make the claim ineffective does not render the remedy ineffective. In *Engle v. Isaac*, 456 U.S. 107 (1982), the Court stated:

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

*Id.* at 130.

Petitioner argues that *Tarango* reflects that "a sex crime is afforded less due process than repeat offenders" and that it reflected that there was no impartial judge. (Petition, Doc. 1 at 5.)  However, *Tarango* did not address any claim of due process. The fact that the Arizona court found itself obligated to enforce what seemed an illogical sentencing structure resulting from serial amendments to the sentencing statute (which were subsequently corrected by the state legislature) does not suggest any lack of due process or impartiality on the part of the Arizona courts.  This is especially so since the anomaly was corrected in 1997, long before Petitioner committed his crime (in 2008) or was prosecuted (in 2010).  *See State v. Johnson*, 195 Ariz. 553, 555 n.2, 991 P.2d 256, 258 n.2 (Ariz.App. Div. 2, 1999) (citing amendments at 1997 Ariz.Sess. Laws, ch. 34, §§

2–4).

In sum, nothing in *Tarango* made relief unavailable to Petitioner.

**Summary re Exhaustion** – Based upon the foregoing, the undersigned concludes that none of Petitioner's claims in the instant habeas proceeding were fairly presented to the state appellate courts, and thus his state remedies were not properly exhausted.

**3.  Procedural Default**

Ordinarily, unexhausted claims are dismissed *without prejudice*.  *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts.  Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time limit bar, set out in Ariz. R. Crim. P.  32.4.  (Answer, Doc. 25 at 8-9.)

**Remedies by Direct Appeal** – Petitioner filed a direct appeal.  Arizona law makes no provision for a successive direct appeal.  *See generally* Ariz.R.Crim.Proc. 31.1 *et seq*.

**Remedies by Post-Conviction Relief** - Petitioner can no longer seek review by a subsequent PCR Petition.

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding."  Ariz.R.Crim.P. 32.2(a)(3).   Under this rule, some claims may be deemed waived if the State simply

11

shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments).   For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.*  That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver.  202 Ariz. at 450, 46 P.3d at 1071.[1]   None of Petitioner's unexhausted claims fit within those categories.

"As a general rule, when 'ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.'" *State v. Bennett*, 213 Ariz. 562, 566, 146 P.3d 63, 67 (2006).  It is true that in *Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002) the Arizona Supreme Court said that "the question of preclusion is determined by the nature of the right allegedly affected by counsel's ineffective performance."  202 Ariz. at 450, 46 P.3d at 1071.  However, that court made clear that this did not apply where a Petitioner had a previous opportunity to raise claims of ineffectiveness.

> With some petitions, the trial court need not examine the facts. For example, if a petitioner asserts ineffective assistance of counsel at sentencing, and, in a later petition, asserts ineffective assistance of

---

[1] Some other types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart*, 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes*, 216Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller*,  2008 WL 2651659 (App. 2008).

counsel at trial, preclusion is required without examining facts.
*Id.* Here, Petitioner asserted ineffective assistance of both trial and appellate counsel in his PCR Petition. (Petition, Doc. 1 at physical page 34, PCR Pet..) Thus, Petitioner's claims of ineffective assistance in Ground 1 (trial counsel) and 3 (appellate counsel) would be barred from presentation in a successive petition by his failure to raise them im the earlier PCR proceeding.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appears that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> > (1) The newly discovered material facts were discovered after the trial.
> > (2) The defendant exercised due diligence in securing the newly discovered material facts.
> > (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably

13

would have changed the verdict or sentence.

  f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

  g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

  h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

  Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence.  Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application.  Here, Petitioner has long ago asserted the facts underlying his unexhausted claims.  Petitioner has presented no facts to suggest that Paragraph (f) would apply.  Petitioner's appeal was timely.  Further, Petitioner's defaults are not merely untimeliness, but also his failure to present his federal claims in earlier proceedings.  Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding.  Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims.

  Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's unexhausted claims are all now procedurally defaulted.

**4.  Cause and Prejudice**

  If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient

1   to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

2        "Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119,

3   1123 (1991). "Because of the wide variety of contexts in which a procedural default can

4   occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v.*

5   *Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert.*

6   *denied*, 498 U.S. 832 (1990).   The Supreme Court has suggested, however, that cause

7   should ordinarily turn on some objective factor external to petitioner, for instance:

8
9          ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.
10

11   *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

12        Here, Petitioner argues: (1)   he can't afford the required copies; and (2) he

13   believes no relief would be available in the state courts, based upon "*Arizona v. Tranago*,

14   185 Ariz. at 213, 914 P.2d at 1305 (1996)." (Petition, Doc. 1 at 5.  *See also id.* at 6, 7.)

15       **Petitioner's Resources** - As to the former, at the times that Petitioner's claims

16   were procedurally defaulted, *i.e.* during his direct appeal and his PCR proceeding, he

17   was represented by counsel.   Thus, he was not dependent upon his own resources to

18   present his claims.

19       **Lack of Relief** –As discussed hereinabove, Petitioner does not explain how the

20   *Tarango* decision affected his ability to obtain relief on the claims raised in this Petition.

21   Even if *Tarango* could somehow be read as making it futile for Petitioner to present his

22   current claims, that would not establish cause to excuse his procedural defaults.  "[T]he

23   apparent futility of presenting claims to state courts does not constitute cause for

24   procedural default." *Engle v. Isaac*, 456 U.S. 107, 130 (1982).

25       **Prejudice** -   Both "cause" and "prejudice" must be shown to excuse a procedural

26   default, although a court need not examine the existence of prejudice if the petitioner

27   fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*,

28   945 F.2d 1119, 1123 n. 10 (9th Cir.1991).  Petitioner has filed to establish cause for his

procedural default.  Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

**5. Actual Innocence**

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice."  *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).  Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added).  Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence.  *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.).  The Ninth Circuit has expressly limited it to claims of actual innocence.  *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A showing that a reasonable doubt exists in the light of the new evidence is not sufficient.  Rather, the petitioner must show that no reasonable juror would have found the defendant guilty.  *Id*. at 329.  This standard is referred to as the "Schlup gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

Here, Petitioner makes no assertion of his actual innocence, and the undersigned discerns no basis for such a finding.

/ /

/ /

/ /

/ /

**6. Summary**

Petitioner failed to properly exhaust his state remedies on the claims in his Petition. He has now procedurally defaulted on those remedies, and has failed to show cause and prejudice or actual innocence to excuse the default. Accordingly, the Petition must be dismissed with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.   Under the reasoning set forth herein,  the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.


## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, filed April 10, 2012 (Doc.  1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the reasoning of this Report and Recommendation is adopted in the District Court's judgment, a Certificate of Appealability be **DENIED**.


## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant

to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: October 8, 2013

12-0758r RR 13 08 21 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge